Marvin R. Mohney
Texas State Bar Number: 14252500
900 Jackson Street, Suite 120
Dallas, Texas 75202
Telephone: 214-698-3011
Facsimile: 214-698-9207

ATTORNEY FOR GULF COAST MINERAL, LLC
AND PATRIOT PRODUCTION GROUP, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re:<br><br>Energy Recovery Group, LLC,<br><br>        Debtor. | Case No. 06-41568<br><br>Chapter 11 |

**OBJECTION BY GULF COAST MINERAL, LLC AND
PATRIOT PRODUCTION GROUP, LLC TO PROOF OF CLAIM
FILED BY CARPENTER IBERIA PROPERTIES, INC.**

**TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:**

NOW COME Gulf Coast Mineral, LLC ("Gulf Coast") and Patriot Production Group, LLC ("Patriot") (jointly, "Objectors"), owners of interests in the "Carpenter Well" that is the subject of proof of claim No. 209 (the "Claim") filed by Carpenter Iberia Properties, Inc. ("Claimant"), and object to the Claim as follows:

1. Objectors generally support the objections to the Claim filed by the Debtor on or about June 25, 2007 and by the Committee on or about July 6, 2007.

2. Gulf Coast is the assignee of a mineral lease dated May 2004 regarding certain property in Iberia Parish, Louisiana. Several people executed the lease as the mineral lessors,

and, upon information and belief, they have subsequently combined their interests to form the Claimant. In October 2004, Gulf Coast assigned ninety-eight percent (98%) of its working interest in the lease to the Debtor. The Debtor is Gulf Coast's sublessee.

3. Before GCM assigned any interest in the Carpenter Well to the Debtor, ORX Resources, Inc., GCM's assignor, required GCM and its assigns to sell twenty-five percent (25%) of the Carpenter Well to Patriot. Thus, GCM's assignment of a ninety-eight percent (98%) interest in the Carpenter Well to the Debtor was made subject to a letter agreement dated September 29, 2004 referenced in the assignment from GCM to the Debtor ("Letter Agreement") that recognizes Patriot's 25% interest and requires the parties to enter into a joint operating agreement for the lease. Patriot owns a twenty-five percent (25%) interest in the Carpenter Well, and is a named party to the joint operating agreement. GCM, the Debtor and Seal Energy Company also are parties to the joint operating agreement.

4. Post-petition, in about December 7, 2006, without notice to or service upon Gulf Coast or Patriot, and in connection with Claimant's boundary dispute with adjacent landowners, Claimant caused a court in Iberia Parish, Louisiana to direct Plains Marketing, LP, the purchaser of production from the Carpenter Well, to pay all production revenues into that court until the accumulated amount that would be due for royalties upon resolution of the dispute had been deposited. Because of the sequestration order, Plains Marketing, LP continued to pay proceeds of production from the Carpenter Well into that court's registry far beyond the amount needed to pay accumulated royalties to the rightful mineral owners upon resolution of their dispute.

5. The funds that Claimant caused to be sequestered in Iberia Parish include money that belongs to Objectors and to owners of overriding royalty interests, rather than to the Debtor. On or about April 24, 2007, promptly upon settlement of their boundary dispute, and without

advance notice herein, Claimant further caused the Iberia Parish Court to distribute to Claimant full payment for all accrued royalty then claimed by the mineral owners. Claimant also submitted pleadings to cause that court to retain the balance of the sequestered money totaling nearly $600,000, allegedly until there was a further opportunity for an accounting and a determination whether Claimant was owed any additional royalty for oil and gas production. The sequestered funds have continued to be held in that court at an extremely low rate of annual interest of less than one percent (1%) for several months.

6. The Claim should be disallowed or subordinated because of Claimants' misuse of process to take possession and control of money belonging to Objectors and others. Claimant also has caused waste and conversion. Further, neither the Debtor nor any other party owing an interest in the Carpenter Well owes any additional amount to Claimant following resolution of the boundary dispute and payment of Claimant's accumulated royalty. Claimant also has not met the conditions precedent to make any damages claim.

7. By paragraph 2 of its cash collateral order entered May 1, 2007, this Court previously directed the Debtor as follows:

"Upon modification of the Sequestration Order or other resolution of the Carpenter Well Litigation …the Debtors shall request that the balance of such funds from the Clerk's registry be paid to the Trust Account of Cox Smith Matthews Incorporated to be held at interest for the benefit of the owners of working interests and overriding royalty interests in the Carpenter Well, and the bankruptcy estate.

8. Upon information and belief, the Debtor's counsel has made that request to Claimant as ordered by this Court. Accordingly, in paragraph 20 of its Agreed [sic] Motion of

Carpenter Iberia Properties, Inc. for Relief from the Automatic Stay dated May 14, 2007, Claimant represented to this Court as follows:

> **" In order to proceed to have the balance of the sequestered funds released to the Debtor's counsel's trust fund and to validate the actions taken by the Court in the Suit to Clear Title, Carpenter requests relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)."**

9. The Claim should be disallowed because Claimant has not specifically identified the basis for the Claim or stated the amount claimed. Upon information and belief, all prior royalties have been paid to the mineral owners, or they are being paid by the purchaser of production, and there is no legal basis for Claimant to assert other damages.

10. Claimant further should be directed to cause the balance of funds in the Iberia Parish court to be turned over to this Court for the benefit of the owners of working interests and overriding royalty interests in the Carpenter Well, and the bankruptcy estate, as Claimant previously promised to do.

11. Objectors reserve all claims, rights and defenses against Claimant, including the right to amend this objection.

WHEREFORE, Objectors pray that the Claim filed by the Claimant be disallowed, and

for such further relief, legal and equitable, to which Objectors justly may be entitled.

Respectfully submitted,

*/s/ Marvin R. Mohney*

_____

Marvin R. Mohney
Texas State Bar Number: 14252500
120 Founders Square
900 Jackson Street
Dallas, Texas 75202
Telephone: 214-698-3011
Facsimile: 214-698-9207
Email: mavinmohney@aol.com

ATTORNEY FOR GULF COAST MINERAL, LLC AND PATRIOT PRODUCTION GROUP, LLC

### CERTIFICATE OF SERVICE

I certify that on July 7, 2007, a true and correct copy of the foregoing pleading was served either (1) electronically by the Court's PACER system or (2) by first class United States mail upon those persons who are identified by the PACER system as having appeared, but as not receiving electronic notices.

*/s/ Marvin R. Mohney*

Marvin R. Mohney
